## 39621. KLIAS v. CONLEY.

DECIDED DECEMBER 6, 1962—
REHEARING DENIED DECEMBER 18, 1962.

*Edwin L. Sterne, Louis A. Peacock,* for plaintiff in error.
*Robert Culpepper, Jr.,* contra.

FELTON, Chief Judge. 1. The first ground of the amended motion (4) complained of the admission of testimony of Mrs.

Bertie Davis, sister of the plaintiff, to the effect that the defendant gave her a deed to 350 acres of land. The purpose of the testimony was to show that the defendant gave more land to Mrs. Davis than to plaintiff to show a gift to plaintiff of the property sued for to equalize the gifts to the two daughters. Assuming that the objections to the testimony were good the ruling became harmless when the attorney for the defendant in open court stated that the giving of the deed was not denied. The same ruling applies to amended ground 5.

2. Ground 6 of the amended motion for new trial complains of the admission of testimony of an attorney for the defendant as to how much fees the defendant had paid him over the last six years. The exception to the admission of this evidence is based on its connection with derogatory remarks made by plaintiff's counsel to the defendant's attorney when the latter was not on the stand. There was no objection to the derogatory remarks and no motion for a mistrial or other motion directed at the improper remarks. The exception as made is without merit.

3. Ground 7 complains of the charge of the court that the plaintiff might recover the highest amount proved between the time of conversion and the time of the filing of the trover action, instead of between the time of conversion and the time of trial. The error in this charge is not one of which the defendant can complain because it narrows the time in which the plaintiff may show the highest value of the property sued for. The ruling in *Childs v. Logan Motor Co.*, 103 Ga. App. 633 (120 SE2d 138), does not require a different ruling because the court held there that in restricting the plaintiff as to the interval of time within which he might prove the highest value was harmful only to the plaintiff and not to the defendant. This holding merely means that the language of the statute grants to the plaintiff the right to elect the particular moment within the allowed range of time at which he will prove the highest value of his converted property. The statute does not, by any means, accord such an election to the defendant. The rebuttal evidence of the defendant as to value, if any, must relate to precisely the same time as that of the plaintiff's proof. The defendant's rebuttal evidence in this case related to a time different from

that selected by the plaintiff and does not tend to disprove the plaintiff's evidence of value to a different and subsequent time.

4. Ground 8 complains of the refusal by the court to give in charge the following requested charge: "In order for there to have been a gift from Mr. Klias to Mrs. Conley of the tractor, Mr. Klias must have understood that he was giving it to her and must have intended to give it to her so that she would own it as against him." The court charged the jury as follows: "To constitute a valid gift there shall be the intention to give by the donor, acceptance by the donee, and delivery of the article given or some act accepted by the law in lieu thereof. If the donation shall be of substantial benefit the law will presume the acceptance, unless the contrary shall be shown. Of course, in order for there to have been a gift by a donor to a donee, the donor must have understood that the donor was giving to the donee and must have intended that it be given to the donee." People generally understand what a gift is and that if one is made the donee owns it against the donor. As against the assignment of error only that the refusal to give the requested charge was error because it was not covered by the general charge we hold that it is without merit.

5. Ground 9 complains of the refusal by the court to give the following request to charge: "It would seem that feebleness and old age, coupled with a relation of trust and confidence in business affairs are sufficient to raise a presumption of undue influence of a gift from a parent to a child." This assignment of error is without merit. Assuming it is otherwise correct and that it is clear what "influence *of* a gift" means, the request fails to state an unqualified rule and only states that something *seems* to be the law. The request was improperly drawn.

6. Ground 10 complains of the refusal by the court to give the following request to charge: "Where it appears from the evidence that an aged parent was under the control and dominion of his child, a conveyance from him to the child will be set aside, unless the child establishes the bona fides of the transaction." This request is susceptible to the construction that the court states as a fact that the child controls the parent.

Even if the evidence demanded that conclusion the court is not required to charge it. The ground is without merit.

7. Ground 11 complains of the court's refusal to give the following request to charge: "The fact that the plaintiff's name is on the plaintiff's exhibit 'c' [sic] would not entitle her to recover unless you find that defendant knew her name was there, and directed that it be put there, and that he intended to make a gift to her." The court did not err in refusing to give this requested charge. Exhibit "c" is a form used by the Arlington Tractor & Implement Company to charge customers for parts, repairs, etc., on which is written the following: "Leary, Georgia - Name, Rosa Klias Conley - Date, March 26, 1959. Cash sale, 1 New Ford Tractor, Model 641, Ser. #70964 - $2395.00. Less Trade in 8 N Ford Tractor - $920.00. Total, $1475.00. Ga. Sales Tax $44.25 - $1519.25." The request to charge was not adjusted to the two phases of evidence on the question as to who directed that Mrs. Conley's name should be put on the statement of sale above shown. There was evidence that Mr. Klias directed the seller to place Mrs. Conley's name on the instrument as purchaser. There was also evidence that Mrs. Conley directed the seller to put her name on the instrument as purchaser and that the purchaser asked Mr. Klias if that was all right and Mr. Klias gave an affirmative answer. The request to charge is confusing in that the jury could have understood it to mean that in order for the plaintiff to prevail it must find that Mr. Klias gave the direction when they might have found for the plaintiff by finding that Mrs. Conley gave the direction and Mr. Klias approved it. Since the request was not adjusted to the permissible findings it was not error for the court to refuse to give it in charge.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bell and Hall, JJ., concur.*